UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES PANGBORN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARASCO,<br><br>　　　　Defendant. | Case No.  2:25-cv-2325-JDP (P)<br><br>ORDER |

David James Pangborn, a state prisoner, brings this action against an indeterminate number of defendants,[1] and alleges violations of his Eighth and Fourteenth Amendment rights. It was originally filed in state court and removed to this court by defendants. ECF No. 1 at 1-2. After screening the complaint, I find that the claims raised in the complaint, brought against multiple defendants, are not sufficiently related to proceed together. Additionally, the claims are, with respect to many of the named defendants, insufficiently pleaded. I will dismiss the complaint with leave to amend so that plaintiff may remedy these deficiencies.

---

[1] Only defendant Carasco is listed as a defendant on the docket. A review of the complaint, however, indicates that more than one defendant is implicated. ECF No. 1 at 9.

1

**I.     Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Analysis**

Plaintiff's complaint alleges at least two different claims.

First, he alleges that, on December 27, 2023, he was removed from his cell in restraints and, as the extraction was being conducted, he spat in defendant Carasco's face. ECF No. 1 at 8. Afterwards, he alleges that Carasco used excessive force against him, striking him repeatedly and

2

1  throwing him to the floor, even though he posed no physical threat. *Id.* Plaintiff claims that four
2  other officers—defendants Lindquist, Smith, Black, and Burkhart—also struck him during this
3  assault. *Id.* Another officer, Earl, was present and did not intervene to stop the use of force. *Id.*
4  Plaintiff alleges that, afterwards, the officers cut his clothes away and that this constituted sexual
5  assault and destruction of his property. *Id.*

6      Second, plaintiff claims that, on an unspecified date and in retaliation for filing a
7  grievance related to the excessive force incident, he was placed in a cell next to an inmate who
8  made excessive noise and was unsanitary. *Id.* at 10. He also alleges that, on unspecified dates,
9  defendants interfered with his legal mail and denied him access to the courts in violation of his
10 due process rights. *Id.* Plaintiff does not offer any specifics related to the claims regarding his
11 legal mail or identify which defendants were allegedly responsible.[2]

12     Plaintiff's Eighth Amendment and retaliation/access to the courts claims are insufficiently
13 related to proceed together. They span different dates, potentially implicate different defendants,
14 raise separate questions of fact and law, and litigating them jointly would prove logistically
15 difficult. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

16     I will give plaintiff an opportunity to amend so that he may bring only related claims. He
17 is advised that the amended complaint will supersede the current complaint. *See Lacey v.*
18 *Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc). The amended complaint
19 should be titled "First Amended Complaint" and refer to the appropriate case number.

20     Accordingly, it is ORDERED that:
21     1. Plaintiff's complaint, contained in ECF No. 1, is DISMISSED with leave to amend.
22     2. Within thirty days from service of this order, plaintiff shall file either (1) an amended
23 complaint or (2) notice of voluntary dismissal of this action without prejudice.

---

[2] There are numerous documents attached to the complaint, and it may be that some specifics are contained therein. I decline to sift through these documents and infer allegations that have not affirmatively been made in the complaint. It would benefit the court and the parties to have all relevant claims contained within the four corners of the complaint.

3

3. Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

4. The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.

Dated:   October 7, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

4