UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID JAMES PANGBORN,

Plaintiff,

v.

CARASCO,

Defendant.

Case No.  2:25-cv-2325-JDP (P)

ORDER

Plaintiff, a state prisoner, brought this action in state court, and defendants removed it to this court. ECF No. 1. I screened the removed complaint and found that it impermissibly contained multiple, unrelated claims against more than one defendant.[1] ECF No. 4. Plaintiff filed an amended complaint, ECF No. 5, and a request for access to the prison canteen and law library, ECF No. 6. Finally, defendants ask that the amended complaint be screened. ECF No. 7. After review of the pleadings, I find that the same deficiency that afflicted the first complaint is still present. Plaintiff may file another amended complaint that contains only related claims. If he fails to do so, I will drop claims so that only related ones remain. Additionally, I will deny plaintiff's motion for canteen and law library access and defendants' motion for screening.

---

[1] Only defendant Carasco is listed on the docket, but both the original complaint and the current one list multiple defendants.

1

**Screening Order**

**I.      Screening Standards**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).  However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'"  *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.     Analysis**

As before, plaintiff brings at least two separate claims.  First and predominantly, he alleges that, on December 27, 2023, defendants Carasco, Lindquist, Smith, and Black used excessive force against him and sexually assaulted him during a body search.  ECF No. 5 at 3-4.

2

Plaintiff also raises a separate claim that implicates only defendant Black, wherein he alleges that this officer used connections with unnamed mailroom staff to have all legal mail from the "board of claims" office confiscated. *Id.* at 4.  This was allegedly done to prevent plaintiff from filing a timely complaint. *Id.*  Plaintiff does not provide enough connective tissue between the first, overarching claim and this secondary claim about access to legal mail.  My inclination is to dismiss the second claim so that plaintiff may pursue it, if at all, in a separate suit.  Before recommending this course of action, however, I will give plaintiff a final opportunity to amend his complaint to include only related claims, either by adequately explaining their relation or by dropping unrelated claims.  Plaintiff's amended complaint must be titled "Second Amended Complaint," must be complete in and of itself, and will supersede the current complaint.

**Order for Canteen and Law Library Access**

Plaintiff's motion for canteen and law library access is denied.  Therein, he claims that staff have denied him access to the law library and told him to obtain legal supplies, like envelopes, from the canteen (which, apparently, he is also restricted from visiting).  ECF No. 6 at 1-2.  He requests an order directing staff to allow him access to both the law library and canteen.  This is effectively a request for preliminary injunctive relief, but plaintiff has not addressed the factors set out in *Winter v. Nat. Res. Def. Council, Inc.*, which require the court to consider (1) whether he is likely to succeed on the merits of his claims, (2) whether he is likely to suffer irreparable harm absent injunctive relief, (3) whether the balance of equities tips in his favor, and (4) whether a preliminary injunction is in the public interest.  555 U.S. 7, 20 (2008).  The motion is, therefore, denied without prejudice to renewal as a properly supported motion for preliminary injunction or temporary restraining order.  Plaintiff may present this order to any prison staff as evidence that he is litigating a federal lawsuit and is entitled to the materials and resources necessary to access the courts.

Accordingly, it is ORDERED that:

1.      Within thirty days, plaintiff may file an amended complaint that contains only related claims.  If he fails to file an amended complaint within the deadline, I will recommend that claims unrelated to the primary one identified herein be dismissed.

3

2.      The Clerk of Court shall send plaintiff a section 1983 complaint form with this order.

3.      Plaintiff's motion for access to the law library and canteen, ECF No. 6, is DENIED.

4.      Defendants' motion for screening, ECF No. 7, is DENIED.

IT IS SO ORDERED.


Dated:      January 30, 2026                                  _____
                                                                        JEREMY D. PETERSON
                                                                        UNITED STATES MAGISTRATE JUDGE

4