UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES PANGBORN,<br>Plaintiff,<br>v.<br>CARASCO, *et al.*,<br>Defendants. | Case No. 2:25-cv-2325-JDP (P)<br><br>ORDER; FINDINGS AND RECOMMENDATIONS |

On August 13, 2026, I found service of the second amended complaint appropriate based on plaintiff's claims that, on an unspecified date, he was subjected to excessive force and retaliation by the defendants. ECF No. 18 at 2-3. On October 2, 2026, plaintiff filed a motion for temporary restraining order and/or preliminary injunction. ECF No. 26. The motion for preliminary injunctive relief should be denied because it is insufficiently related to the claims in the complaint.

The Ninth Circuit has held that "[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Here, plaintiff's motion for preliminary injunctive relief bears no relation to the excessive force and retaliation claims at issue in the complaint. Instead, it concerns an alleged threat to his safety by

the "STG-II group Nuestro Costra" and a request that the court enjoin California Department of Corrections and Rehabilitation staff from transferring him to several institutions based on those safety concerns. ECF No. 26 at 1. These safety issues fall outside the scope of the excessive force and retaliation allegations in the complaint. Accordingly, I will recommend that the motion be denied. If plaintiff wishes to litigate these issues, he must file a separate suit where his complaint and motion for preliminary injunctive relief are related.

Accordingly, it is ORDERED that the Clerk of Court shall assign a district judge to this action.

Further, it is RECOMMENDED that plaintiff's motion for temporary restraining order and/or preliminary injunction, ECF No. 26, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: October 15, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE